[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS'MOTION TO STRIKE COUNTS I II OF PLAINTIFF'S COMPLAINT
This is an action in negligence brought by the plaintiff for injuries received when he allegedly fell down a flight of steps at a restaurant leased by the defendant Hop Brook Restaurant which property was owned by the defendant Ensign-Bickford Realty Corp.
Counts I and II, however, seek damages from the defendants Merrill Lynch Co., Inc., and its employee Leonard J. Murtha who had invited the plaintiff to the restaurant for an investment seminar which these defendants sponsored.
These counts allege negligence on the part of these defendants in their "misleading invitation" and by virtue of "[their] failing to assure a reasonably safe means of reaching the seminar for the invited plaintiff." CT Page 389-K
Nowhere does the plaintiff allege the usual words necessary to impose a duty on these defendants such as ownership, control or a possessory interest. Prosser, Torts (4th Ed. § 57), Mack v. Clinch, 166 Conn. 395, 396 (1974).
The plaintiff argues that the allegations of "to be held" and "sponsored" are sufficient to allege a possessory interest.
The plaintiff cites no authority which would require an invitor to assure safe passage for an invitee or licensee to the situs where such invitation is to take place. The plaintiff concedes he cannot articulate any case law or horn book law to support his theory, but cites Wright, Fitzgerald and Ankerman, Conn. Law of Torts § 49 (3rd Ed.) which only discusses the duty of owners or possessors of land.
To hold that the plaintiff has alleged that these defendants were "possessors of land" would be to torture the English language. CT Page 389-L
To hold that one who invites another to be his guest has a duty to assure safe passage to that guest over a route which he has no control or possessory interest far exceeds the bounds of common sense. It further exceeds any duty imposed by the law of this state or any other state as far as this court's research is able to discover. This court declines to impose such a duty on these defendants as such a duty would be unduly harsh, unfair and not in the interest of justice.
The Motion to Strike is granted.